FARMERS' HANDY WAGON CO. v. BEAVER SILO & BOX MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1919. Rehearing Denied April 4, 1919.)

No. 2653.

1. PATENTS ⬤⇒312(2)—ACCOUNTING FOR INFRINGEMENT—EVIDENCE OF ROYALTIES.

In an accounting for infringement of patent, in determining what is a reasonable royalty for infringing sales, evidence of royalty on another patent would have no bearing.

2. PATENTS ⬤⇒318(1)—ACCOUNTING FOR INFRINGEMENT—DAMAGES.

To entitle a complainant to recover damages from an infringer, when there is no evidence of an established or a reasonable royalty, it must show that it would probably have made the sales made by defendant but for the infringement, and the profits it would have made thereon.

3. PATENTS· ⬤⇒318(6)—ACCOUNTING FOR INFRINGEMENT—PROFITS.

Where the net profits made by the manufacture of an infringing article are shown, but such articles also infringed another patent, for which defendant was compelled to pay, a reasonable royalty for the use of the latter patent, the burden of showing which is on defendant, should be deducted, and the remaining profits are recoverable by complainant.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit in equity by the Farmers' Handy Wagon Company against the Beaver Silo & Box Manufacturing Company. From a final decree on accounting for infringement, complainant appeals. Reversed.

Wallace R. Lane and George Mankle, both of Chicago, Ill., for appellant.

John E. Stryker, of St. Paul, Minn., for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. The McClure patent, No. 814,067, for an improvement in silos, was sustained and held infringed by this court, reversing a decree of the District Court. 236 Fed. 731, 150 C. C. A. 63.

On the accounting that followed, the master found that defendant had sold 363 of the infringing silos; that on the basis of a reasonable royalty, the evidence bearing on which, however, was not deemed by him to be strong, a recovery of $3,630 should be allowed. He recommended, however, an alternative recovery of $3,760 based upon profits earned by the defendant as evidenced by a dividend declared January 1, 1912, on the business of 1911, the year of the infringement. The dividend was $4,000, but the testimony showed that 6 per cent. of the defendant's plant was used in the box business. The sum allowed was therefore fixed at 94 per cent. of the dividend.

On exceptions, the matter was re-referred to the master on one point, the application of $4,000 paid by the defendant in 1915, under a contract, in settlement of an infringement suit based on the Harder patent, No. 627,732. On the re-reference, additional testimony was taken. The master thereupon found that testimony to the effect that, of the $4,000 paid in the settlement, $3,630 was as a license fee for the 363 silos involved both in the Harder suit and in the present suit, must be rejected, on the ground that it varied the written instrument.

He held, however, that, while it is immaterial how the parties to the contract divided the $4,000, it was material to ascertain whether, at the time the infringing silos were made, the defendant was under a liability to pay a royalty, and, if so, in what amount, because of the Harder patent. He further found that $10 per silo was the license fee for the Harder patent during the period in question, and therefore allowed that sum. His recommendation that plaintiff recover nominal damages only was sustained by the court.

Plaintiff urges a reversal of this decree, claiming both damages suffered by it, and the full profits, without deduction on account of the payment made in the Harder suit settlement.

[1, 2] 1. As to damages:

(a) While there is evidence that plaintiff refused to grant a license for the McClure patent for less than $10 royalty per silo, and that negotiations were pending with one party for such license, this evidence relates solely to a time subsequent to the adjudication of validity and infringement in this court, and long subsequent to the sale of the 363 silos in question. The record is bare of any evidence either of an established or of a reasonable royalty price at the time of the infringing sales. Even if the evidence sustained a finding of $10 or any other sums as a reasonable royalty under the Harder patent, it could have no bearing upon the reasonable royalty under the patent in suit.

(b) Equally bare is the record of any proof of damage suffered by plaintiff through these competitive sales. The mere sale by defendant is not sufficient; there is no proof that plaintiff would probably have been able to make these sales, but for defendant's wrongful competition; even that, however would not suffice. Plaintiff must have gone further, and proved that such sales, if made, would have been profitable. Its lost profits would then have afforded a measure of damages. No such proof was offered.

It follows, therefore, that an award of damages was properly denied.

[3] 2. As to profits: Otherwise, however, as to profits earned by defendant through these infringing sales.

(a) Proof that a dividend of $4,000 was declared in January, 1912. is prima facie proof of profits earned to that extent; in the absence of evidence to the contrary, they were properly apportioned, as between the silo and box branches of the business, in the proportions of 94 per cent. and 6 per cent.

(b) While the plaintiff is entitled to recover only so much of the profits as is attributable to the use of the McClure patent, yet if it appears upon the whole evidence that an accurate or approximate apportionment is impossible, the defendant as wrongdoer must suffer the loss. Proof that the defendant continued in the silo business, and sold a large number of noninfringing silos in subsequent years, affords no basis for such apportionment, in the absence of a showing that the subsequent sales likewise resulted in a profit.

(c) But it is clear in this case that, in figuring the profits based upon the dividends, no allowance was made for the use of the Harder patent, because in the year 1911 the defendant had paid nothing therefor. Inasmuch, however, as the defendant infringed the Harder pat-

ent, as was subsequently established, and inasmuch as at least some portion of the $4,000 subsequently paid was a payment on account of such infringement, and inasmuch as the Harder patent was the basic patent, to use which the plaintiff, among others, was licensed, it is clear that some deduction for royalty for the use of the Harder patent ought to be allowed to the defendant, as a proper manufacturing cost to be charged against the profits.

We concur in the conclusion of the master that the actual amount so apportioned in 1915 by the parties to the Harder patent infringement suit is in no manner binding as between the parties to this suit. The allowance to be made to the defendant is a reasonable royalty charge, as of the year 1911, not exceeding in any event the sum actually paid in 1915. The evidence establishes that at least four parties had been given a license under the Harder patent for lump sums, and that their actual royalties per silo amounted to $1 or less. It further appears, however, that other parties were licensed at $10 per silo. No general or universal royalty basis existed in 1911.

The burden is upon the defendant to establish what a reasonable royalty would be, and we are not satisfied, upon the entire evidence, that it has succeeded in this to an extent greater than $5 per silo. Inasmuch as at least this amount may be deemed to have been paid on account of the infringement of the Harder patent, our conclusion is that from the profits of $3,760 there should be deducted the sum of $1,815 as fair royalty fee for the use of the Harder patent, and that a decree should be entered for the difference of $1,845, with interest at the rate of 6 per cent. per annum from and after March 19, 1918, and costs in the entire proceedings.

The decree will be reversed, and the cause remanded, with directions to enter a decree in accordance herewith.